McMillion *v.* McMillion

5-3821                                              400 S. W. 2d 489

Opinion delivered March 21, 1966

*Spitzberg, Bonner, Mitchell & Hays,* for appellant.

*Loftin, Herrod & Cole,* for appellee.

Carleton Harris, Chief Justice. This case deals with reformation of a contract. Appellant, Mary McMillion, was granted a divorce from appellee, Stephen D. McMillion, on January 6, 1958. Prior thereto, on October 1, 1957, the parties, in contemplation of becoming divorced, had entered into an agreement settling their property rights.

On January 18, 1965, appellant filed a motion in the Chancery Court, seeking three types of relief. First, she alleged that her ex-husband was required by the decree to maintain the residence, which she and the children occupied, and that it was badly in need of re-painting, both inside and outside. It was asserted that appellee

had refused to do this. Second, appellant alleged that she had been induced to execute the property agreement by appellee's statement that he would provide a new automobile each year for the use of appellant and the three children; that this provision was not placed in the agreement, because the attorney, representing both parties,[1] advised that such a provision would be invalid and unenforceable, and that he would not make the same a part of the contract. Mrs. McMillion asserted that she accepted this statement as a fact. She further alleged that she had since learned that the provision was enforceable, and she asked that the court's decree be amended, and reformed to provide that appellee should supply her with a new car annually, beginning forthwith. An increase in maintenance for the children was also sought. After the filing of a response, the court heard the matter, and ordered that appellee should cause the exterior and interior of the home (occupied by appellant and the children) to be repainted, according to colors acceptable to Mrs. McMillion, but the court declined to reform the contract, and also declined to increase the children's support. From that portion of the order denying reformation, appellant brings this appeal.

Mrs. McMillion testified that the discussion about the property settlement took place two or three months before the contract itself was signed. She said that appellee, a doctor, offered to buy her a new automobile every year, but that the attorney made the statement that this provision would not be valid, and that, since he was a lawyer, she relied upon that statement; that if she had known otherwise, she would not have signed the contract without the provision being included. According to her testimony, appellee then stated, ''Well then I will do it on my own. I will keep her in the finest car.'' Of course, Dr. McMillion's purely voluntary statement that he would buy her a new car every year anyway, is not enforceable as a contract, and does not ap-

---

[1]Mrs. McMillion subsequently testified that the attorney was really her husband's attorney, though the record reflects that he represented her in obtaining the divorce decree.

pear, from the testimony, to have been relied upon as a consideration for her signing. The matter of including this provision in the agreement was dropped, and admittedly, several weeks passed before the contract was executed. Of course, we do not know what other negotiations took place during that time, or whether any new terms were inserted into the contract.[2] At any rate, the evidence makes clear that, *whatever the reason,* no condition relating to the purchase of a new automobile was included as a part of the final agreement reached between the parties. Before a written instrument can be reformed, agreement must have been entered into to perform a certain act, and the act to be performed is omitted from the instrument, or is erroneously stated. In such event, reformation is proper. Here, though discussed, no agreement was reached (that appellee should annually buy a new car), though it may be that the failure to do so was based upon a mistaken concept of the law. Be that as it may, it is apparent that the contract provided exactly what the parties intended for it to provide, *i.e.,* they did not intend to say one thing, and by mistake express another. In 3 CORBIN ON CONTRACTS, p. 728 (1960), we find:

"If two parties are caused to enter into a contract by reason of their common ignorance or common mistake as to some fact, but for which they would not have agreed, this may be ground for rescission, but it is not ground for reformation."

It might be added that there is no evidence that Dr. McMillion knew, or even thought, that such a provision would be valid, nor any evidence that he misled appellant in any manner.

---

[2] The record is somewhat confusing in that the October agreement executed by the parties calls for payment to appellant and the children of $100.00 per week, but the divorce decree of January, 1958, only provides that Mrs. McMillion shall receive $40.00 per week as alimony, and the sum of $50.00 per week is ordered for the support of the children. According to appellee's response to the motion, the court, on April 1, 1964, raised the amount of support from $100.00 per week to $140.39.

Dr. McMillion did purchase a new automobile for his wife in 1959, Mrs. McMillion testifying that he had told her that the Lincoln automobile she received in the settlement was three years old, and was ''dangerous for the children,'' and that he had called her and asked what kind of car she wanted. However, this was the only automobile furnished,[3] and it is apparent that Mrs. McMillion did not consider his voluntary statement (that he would purchase a new car yearly) to be binding, since she made no effort to compel performance for some five years.

Mrs. McMillion testified that the urgent need for a new automobile was based upon the fact that the children have to be taken to school, and that it is necessary that she join in a car pool with other neighbors to effect the children's transportation; she stated that the six-year-old automobile is not adequate to fulfill this need. Of course, the court has authority, if it deems it adviseable under all the circumstances, to enter an order providing increased amounts for maintenance for the children to an extent that would enable adequate transportation to be acquired.

Affirmed.

---

[3]While not entirely clear, it appears that this automobile was also a Lincoln, and appellant insists that she is entitled to a car of equal value at the present time.